FILED
August 04, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cav_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANSYS, INC., | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) CASE NO. 6:25-CV-00292-ADA-DTG |
| DOES 1 THROUGH 323, | ) ) ) |
| *Defendants.* | ) ) |

## DOE DEFENDANT'S MOTION TO QUASH OR MODIFY SUBPOENA

Comes now Defendant John/Jane Doe No. 157, and respectfully moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A) to quash or modify the subpoena issued to Charter Communications, Inc., seeking personal information associated with IP address 96.58.193.210, and in support thereof states:

1. Doe Defendant is an unnamed defendant in the above-captioned case, identified only by an IP address.

2. Plaintiff has issued a subpoena to Charter Communications seeking the disclosure of the Doe Defendant's name, address, and other identifying information.

3. Pursuant to Fed. R. Civ. P. 45(d)(3), this Court must quash or modify a subpoena that:

   - (i) requires disclosure of privileged or other protected matter; or

   - (ii) subjects a person to undue burden.

4. Disclosure of Doe Defendant's identity at this stage would cause undue burden and potential reputational harm, especially as Doe Defendant is not a named party and Plaintiff has not made a sufficient showing that Doe Defendant committed the alleged acts.

5. Additionally, courts have recognized in mass copyright actions that joinder of many unrelated Doe defendants can be improper, and that early disclosure of identities may violate privacy rights under the First Amendment.

6. Plaintiff has not established good cause to override Doe Defendant's right to anonymous speech and due process before being named.

7. Alternatively, if the Court does not quash the subpoena, Doe Defendant respectfully requests that the Court:

- (a) modify the subpoena to require notice and further motion before any disclosure;
- (b) allow Doe Defendant to proceed anonymously until a further hearing.

WHEREFORE, Doe Defendant respectfully requests this Court quash or modify the subpoena issued to Charter Communications seeking their identity, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*John/Jane Doe No. 157*

John/Jane Doe No. 157 (pro se)
Dated: August 2, 2025
You may contact the Doe No. 157 Defendant regarding this motion at: *email.acct.eod@proton.me*

## CERTIFICATE OF SERVICE

I hereby certify that on August 2, 2025, I served the foregoing Motion to Quash by email upon:

- Charter Communications at *LEROC@charter.com*

- Plaintiff's counsel, John F. Luman III, at *luman@dtlawyers.com*

*John/Jane Doe No. 157*

Signed: John/Jane Doe No.157

