UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Ansys Inc.** | § § § |
| **Plaintiff,** | § § § |
| v. | § § Civil Action No. 6:25-cv-00292 ADA-DTG |
| **Does 1 through 323** | § § § |
| **Defendant.** | § § |

1. Defendant John Doe (Doe 72 with Subscriber assigned IP Address 67.168.117.64) ("Defendant") files this motion to quash the subpoena served on Comcast (the "Comcast Subpoena") requiring disclosure of information specific to Defendant's ComCast Internet account on or before August 27, 2025.

2. Specifically, Defendant objects that the information sought in the Comcast Subpoena is personal, private information specific to Defendant that should not be disclosed and made part of the public record. Additionally, pursuant to Federal Rule of Civil Procedure 26, Defendant is represented by counsel and discovery as to this Defendant should not open until the Rule 26f conference has been completed.

3. FED. R. CIV. PROC. 26(d)(1) ("[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order").

4. A Motion to Quash Subpoena is proper because the subpoena is unduly burdensome to Defendant Doe No. 72. The subpoena and motion for discovery are overly broad and not narrowly tailored to obtain specific information relating to personal jurisdiction within this jurisdiction.

5. A Motion to Dismiss for Misjoinder is proper because the factual allegations do not allege specific facts that the infringement against the defendants' stem from the same transaction or occurrence.

6. Still further, the requested information could be disclosed at a later date—after the Rule 26f conference has been completed—and subject to a protective order in a way that provides Plaintiff with the information it is requesting but, in a manner, designed to protect the confidential nature of the information and Defendant's own privacy concerns.

7. For all these reasons, Defendant John Doe subscriber assigned (IP Address 67.168.117.64) respectfully requests that the Court quash the Comcast Subpoena as to Defendant until such time as the Rule 26f conference can be completed and an adequate protective order put in place by the Court in this matter.

8. Alternatively, if the court cannot quash the subpoena, then Defendant requests that the court enter a protective order that allows the defendant to appear anonymously during the pendency of this litigation. The protective order protects the defendant from "annoyance, embarrassment, oppression, or undue burden." See *Strike 3 Holdings, LLC v. Doe, 2018 U.S. Dist. LEXIS 4764, 2018 WL 357287, at *3 (N.D. Cal. Jan. 18, 2018)* (citing *McCoy v. Southwest*

*Airlines Co., Inc., 211 F.R.D. 381, 385 (C.D. Cal. 2002)*); *Fed. R. Civ. P. 26(c)(1)*.

Respectfully submitted:

/s/Delphine James/ s/

_____
Delphine M. James
Texas Bar Number 24010129
Delphine M. James, Attorney At Law
2616 South Loop West Suite 415
Houston, TX  77054
Tel: (713) 661-4144
Fax: (713) 661-4145

## CERTIFICATE OF CONFERENCE

The motion was discussed with opposing counsel. The parties discussed potentially a protective order.

## CERTIFICATE OF SERVICE

Plaintiff certifies that on 08/26/2025 true and correct copy of the Defendant's Motion to Quash is being transmitted electronically through to the attorney (s) of record.

/s/ Delphine James
Delphine M. James

**John F. Luman**
**Daniels & Tredennick**
6363 Woodway
Suite 700
Houston, TX 77057
713-917-0024
Fax: 713-917-0026
Email: Luman@dtlawyers.com