IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANSYS, LLC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CASE NO.** 6:25-cv-00292-ADA-DTG |
| | § | |
| DOES 1 THROUGH 323, | § | |
| | § | |
| *Defendants*. | § | |

### DEFENDANT DOE 34'S REPLY IN SUPPORT OF EMERGENCY MOTION TO STAY COMCAST COMPLIANCE WITH SUBPOENA

### I. INTRODUCTION

Plaintiff's response raises two procedural objections not addressed in Doe 34's Emergency Motion: (1) that Doe 34 failed to comply with Local Rule CV-7(g)'s meet-and-confer requirement, and (2) that this Court previously denied a similar motion in Ansys, Inc. v. Does 1 Through 359, No. 6:24-cv-00363-ADA. Neither argument warrants denial of the narrowly tailored emergency relief requested here.

### II. ARGUMENT

**A. The Meet-and-Confer Requirement Does Not Apply to These Dispositive Motions, and Emergency Circumstances Justify Proceeding Without Conference**

Local Rule CV-7(g) requires a certificate of conference only for nondispositive motions. By contrast, Doe 34's Emergency Motion to Stay ISP Compliance with Subpoena, Motion for Leave to Proceed Anonymously, and Motion to Quash go to the heart of whether Plaintiff may obtain Doe 34's identity and proceed with claims against him. These are properly characterized as dispositive motions, to which CV-7(g) does not apply.

Even if CV-7(g) were deemed applicable, the Court has discretion to consider emergency filings where immediate relief is necessary to prevent irreparable harm. Comcast's impending disclosure deadline presents exactly such a circumstance: without a stay, Doe 34's identity will be irretrievably disclosed before the Court can adjudicate his pending motions. Any perceived procedural deficiency has been cured by Plaintiff's ability to fully brief its opposition, and the Court should decide the motion on its merits.

### B. Plaintiff's Reliance on Ansys v. Does 1 Through 359 Is Misplaced

Plaintiff cites Ansys, Inc. v. Does 1 Through 359 to argue that this Court has already rejected similar arguments. That case is inapposite. There, the moving Doe raised only generalized privacy concerns and provided no independent evidence contradicting Plaintiff's infringement allegations.

Here, by contrast, Doe 34's Motion to Quash, filed immediately after the Emergency Motion, includes contemporaneous travel documentation—such as passport stamps and airline records—showing that he was abroad at the precise time of the alleged infringement. Redacted versions of those exhibits are already on the public docket, and the original unredacted exhibits will be submitted to the Court under seal pending the Court's ruling on Doe 34's Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal. This concrete factual defense is now before the Court and fundamentally changes the balance. Disclosure of Doe 34's identity before the Court considers this evidence would cause irreparable harm.

### C. A Short Stay Is Necessary to Prevent Irreparable Harm

Once Comcast discloses Doe 34's identity, anonymity cannot be restored, and the harm to Doe 34's privacy and reputation will be irreversible—even if the Court later grants the

Motion to Quash.

A brief stay simply preserves the status quo until the Court adjudicates the pending motions. Plaintiff suffers no prejudice from this limited delay, while Doe 34 faces permanent harm absent relief.

### III. CONCLUSION

For these reasons, Doe 34 respectfully requests that the Court grant his Emergency Motion and order Comcast to refrain from disclosing his identity pending resolution of the Motion to Quash and Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal.

DATED: August 27, 2025                    Respectfully submitted,

*/s/ Yong Deng*
Yong Deng
**Allbelief Law Firm P.L.L.C.**
300 New Jersey Avenue NW
Suite 900
Washington, D.C. 20001
Phone: (571) 443-9140
bdeng@allbelief.com

*Attorney for Defendant Doe 34*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of August, 2025, I electronically filed the foregoing Defendant Doe 34's Reply in Support of Emergency Motion to Stay Comcast Compliance with Subpoena with the Clerk of the Court using the CM/ECF system, which will send notifications of such filings to counsel of record.

> */s/ Yong Deng*
> Yong Deng
> **Allbelief Law Firm P.L.L.C.**
> 300 New Jersey Avenue NW
> Suite 900
> Washington, D.C. 20001
> Phone: (571) 443-9140
> bdeng@allbelief.com
>
> *Attorney for Defendant Doe 34*