## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| ANSYS, LLC., | $ | |
| | $ | |
| *Plaintiff*, | $ | |
| | $ | |
| v. | $ | **CASE NO.** 6:25-cv-00292-ADA-DTG |
| | $ | |
| DOES 1 THROUGH 323, | $ | |
| | $ | |
| *Defendants*. | $ | |

## DEFENDANT DOE 34'S CONSOLIDATED REPLY IN SUPPORT OF (1) MOTION FOR LEAVE TO PROCEED ANONYMOUSLY AND TO FILE SUPPORTING EXHIBITS UNDER SEAL (DKT. 21) AND (2) MOTION TO QUASH OR VACATE SUBPOENA AND FOR PROTECTIVE RELIEF (DKT. 22)

### I. INTRODUCTION

Ansys's responses (Dkts. 25, 26) mischaracterize defense counsel's conduct and misstate the law. They incorrectly suggest that defense counsel acted improperly in seeking pro hac vice admission, accuse Doe 34 of failing to confer, and dismiss Doe 34's substantive showing as indistinguishable from arguments rejected in another case.

The record and governing authority show otherwise. Defense counsel properly entered the case and promptly filed motions to preserve Doe 34's anonymity and challenge the subpoena. Local Rule CV-7(g) does not bar these motions, and in any event, Plaintiff has had a full opportunity to respond. More importantly, unlike the prior case Plaintiff cites, Doe 34 has presented concrete factual evidence—travel documentation—demonstrating that he could not have committed the alleged infringement. Redacted versions are on the public docket; unredacted originals will be submitted under seal upon the Court's approval. Under well-established precedent, an IP address alone cannot establish identity, and premature disclosure

would inflict irreparable harm.

## II. ARGUMENT

### A. Plaintiff's Timeline Narrative Is Inaccurate; Pro Hac Vice Admission Was Proper and Timely

Ansys mischaracterizes the sequence of events. Defense counsel mailed the Motion for Admission Pro Hac Vice on August 18, 2025 (Exhibit A), pending the Court's approval as a registered CM/ECF filer, and served a true and correct copy of that motion on each attorney of record the same day. That is why Plaintiff's counsel already had defense counsel's contact information and was able to email him on August 20, 2025, at 1:28 PM requesting Doe 34's identification—even before the Court formally received the Motion at 1:49 PM and entered it on the docket later that day (Exhibit B).

The suggestion that defense counsel "ignored" Plaintiff's email and "instead filed his Pro Hac Vice motion 90 minutes later" is simply inaccurate. The Motion had already been prepared, mailed, and served well in advance of the docket entry. Pro hac vice admission is a routine procedural step required to appear for Doe 34; it was handled properly and in compliance with the rules.

Nor was defense counsel obliged to voluntarily disclose Doe 34's identity by email. The very issue before this Court is whether Plaintiff is entitled to that disclosure at all. Providing the information outside judicial supervision would have mooted the pending motions on anonymity and quashing the subpoena.

### B. Plaintiff's Reliance on *Ansys v. Does 1–359* Is Misplaced

Plaintiff cites *Ansys, Inc. v. Does 1–359* to argue that this Court has already rejected similar arguments. That case is inapposite. There, the moving Doe raised only generalized

privacy concerns and offered no independent evidence contradicting Plaintiff's allegations.

Here, Doe 34's Motion to Quash—filed immediately after the emergency filing—includes contemporaneous travel documentation (passport stamps and airline records) showing he was abroad at the precise time of the alleged infringement. Redacted versions are on the public docket; unredacted originals will be submitted under seal upon the Court's ruling on Doe 34's Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal. This factual defense is now before the Court and fundamentally changes the balance. Disclosure of Doe 34's identity before the Court considers this evidence would cause irreparable harm.

### C. The Meet-and-Confer Rule (CV-7(g)) Does Not Apply; Regardless, Any Perceived Procedural Issue Is Harmless

Ansys criticizes an alleged failure to confer. Local Rule CV-7(g) applies to nondispositive motions. The motions at issue—anonymity, sealing, and quashing the subpoena directed to disclosure of Doe 34's identity—are dispositive in effect because they determine whether Plaintiff may obtain identifying information and proceed against Doe 34 at all. Thus, CV-7(g) is inapplicable.

Even if the Court were to view CV-7(g) as applicable, the compressed subpoena timeline made prompt filing necessary to prevent irreparable harm. Any perceived procedural deficiency has been cured by Ansys's ability to fully brief its opposition. The Court should decide these motions on their merits.

### D. Sequential Filings Were Required and Appropriate, Not "Doubling Down"

Plaintiff's rhetoric that defense counsel "double- and tripled-down" misrepresents the procedural posture. Defendant first filed an emergency motion to preserve the status quo. The next day, counsel filed the Motion for Leave to Proceed Anonymously and the Motion to Quash,

supported by redacted exhibits, as the rules require. Far from obstinacy, this was diligence in presenting issues in the correct order: emergency relief to prevent disclosure, followed promptly by the substantive motions with evidentiary support.

**E. Federal Courts Consistently Recognize That an IP Address Alone Cannot Reliably Identify an Infringer**

Federal courts, including the Fifth Circuit and this District, have consistently held that an IP address alone cannot reliably establish the identity of the person who is allegedly engaged in infringing activity.

In *Umg Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 118 F.4th 697 (5th Cir. 2024), the Fifth Circuit explained that while IP addresses may be associated with devices, only ISPs can link those addresses to subscribers. Even then, identifying a subscriber is not the same as identifying the infringer, as multiple individuals or devices may share a single connection.

This District has applied the same reasoning. In *Umg Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743 (W.D. Tex. 2019), the Court recognized that BitTorrent technology fragments file transfers, making it possible that what appears to be a complete copy attributed to an IP address is in fact assembled from numerous transmissions. The Court concluded that additional evidence beyond an IP address is required to establish infringement.

Other courts echo this concern. In *Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142 (9th Cir. 2018), the Ninth Circuit rejected the presumption that the subscriber of an IP address is the infringer, noting that such a presumption is unreasonable given the prevalence of shared networks. The Eastern District of New York has also expressed skepticism, explaining that the subscriber of an IP address is not necessarily the person who committed the infringement and

warning of the potential for abusive litigation tactics. *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80 (E.D.N.Y. 2012); see also *Patrick Collins, Inc. v. Doe*, 288 F.R.D. 233 (E.D.N.Y. 2012) (holding that an IP address identifies an account, not an individual).

Taken together, these decisions underscore the inherent unreliability of relying solely on IP address data. Here, Doe 34 has already provided redacted evidence, including contemporaneous travel records demonstrating that he was abroad at the precise time of the alleged infringement and therefore physically incapable of committing it. He is also prepared to submit unredacted originals under seal if permitted. Under these circumstances, disclosing his identity based solely on an IP address would not only be unreliable but also manifestly unjust.

### III. CONCLUSION

For the foregoing reasons, the Court should grant:

1. Doe 34's Motion for Leave to Proceed Anonymously and to File Supporting Exhibits Under Seal (Dkt. 21); and

2. Doe 34's Motion to Quash or Vacate Subpoena and for Protective Relief as to Defendant Doe 34 (Dkt. 22), or, at minimum, enter a protective order barring disclosure of Doe 34's identity unless and until the Court orders otherwise.

DATED: August 31, 2025                  Respectfully submitted,

                                        */s/ Yong Deng*
                                        Yong Deng
                                        **Allbelief Law Firm P.L.L.C.**
                                        300 New Jersey Avenue NW, Suite 900
                                        Washington, D.C. 20001
                                        Phone: (571) 443-9140
                                        bdeng@allbelief.com

                                        *Attorney for Defendant Doe 34*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August, 2025, I electronically filed the foregoing

Consolidated Reply in Support of Defendant Doe 34's Motion for Leave to Proceed

Anonymously and to File Supporting Exhibits Under Seal (Dkt. 21) and Motion to Quash or

Vacate Subpoena and for Protective Relief (Dkt. 22) with the Clerk of the Court using the

CM/ECF system, which will send notifications of such filings to counsel of record.


*/s/ Yong Deng*
Yong Deng
**Allbelief Law Firm P.L.L.C.**
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
Phone: (571) 443-9140
bdeng@allbelief.com

*Attorney for Defendant Doe 34*