## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **ANSYS, INC.** | § | |
| | § | **Cause No. 6:25-cv-00292-ADA-DTG** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| | § | |
| **DOES 1 THROUGH 323, DOE NO.** | § | |
| **34** | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| **Defendants.** | § | |

### ANSYS, INC.'S RESPONSE TO DOE D.Y.'S
### MOTION TO QUASH SUBPOENA (DKT NO. 29)

The Court should deny Doe D.Y.'s Motion to Quash Subpoena (Dkt. No. 29) (the "Motion") for the following reasons.

### I.    INTRODUCTION

Ansys, Inc. ("Ansys") filed this lawsuit against 323 Doe Defendants to protect its intellectual property rights. *See* Complaint (Dkt. No. 1). Ansys has evidence of software piracy by someone using a Doe Defendant's internet. Ansys did not know the identity of those alleged software pirates at the time it filed suit, so Ansys sought (Dkt. No. 3), and the Court granted (Dkt. No. 5), permission for Ansys to issue subpoenas to Internet Service Providers ("ISPs") to obtain the identity of the alleged infringers.

Ansys issued discovery subpoenas to various Internet Service Providers, including Comcast Corporation, on or about July 21, 2025. Upon information and

belief, Comcast identified its customers associated with the IP addresses provided by Ansys, then notified those customers that it would be providing their contact information to Ansys in response to the subpoena. Comcast requested an extension of time to respond to the subpoena until September 5, 2025, and Ansys agreed to that request.

On August 26, 2025, an unknown individual identifying himself only as "D.Y." with email address dy12345012@gmail.com who claimed to be associated with IP address 73.166.128.105 emailed counsel for Ansys copies of a Motion to Seal Personally Identifiable Information and a Motion to Quash. On September 4, 2025, the clerk entered the Motion to Seal Personally Identifiable Information as Dkt. No. 30 and the Motion to Quash as Dkt. No. 29 with filing dates of August 28, 2025. Doe D.Y. did not confer with counsel for Ansys before serving the Motion to Seal Personally Identifiable Information or the Motion to Quash.

## II.    ARGUMENT

As the Court held in *Ansys, Inc. v. Does 1 Through 359*, 6:24-cv-00363-ADA, Ansys:

> …has met its burden to show good cause exists for limited expedited discovery. First, Plaintiff has established a prima facie claim of copyright infringement and violations of the DMCA. Plaintiff alleges that it is the owner of the copyrights being infringed and that Defendants reproduced and used the copyrighted works without Plaintiff's authorization using internet subscriber accounts identified by IP addresses. Plaintiff further alleges that in doing so, Defendants thwarted the technological measures Plaintiff used to control access to the software. Second, Plaintiff seeks to obtain limited discovery from ISPs for identifying information associated with the IP addresses. Third, Plaintiff has established that it lacks alternative means to obtain the information sought in the proposed subpoena because only the ISP who assigned the IP address can identify the user. Fourth, the identities and

> residences of Defendants are critical to Plaintiff's ability to advance its claims—without it, Plaintiff will be unable to serve process. Finally, Defendants, as ISP subscribers, have "a minimal expectation of privacy in the sharing of copyrighted material." *Malibu Media*, 2019 WL 4003086 at *2 (internal quotation marks and citation omitted). Put simply, all factors discussed above support disclosure of Defendants' identities.

*See Ansys, Inc. v. Does 1 Through 359*, 6:24-cv-00363-ADA, Order (Dkt. No. 6) at 3. Accordingly, the Motion should be denied, and Comcast should be required to provide Doe No. 34's identity to Ansys.

In *Ansys, Inc. v. Does 1 Through 359*, 6:24-cv-00363-ADA, the Court denied a similar motion filed by Doe No. 7 (Dkt. No. 8). *See id.*, Memorandum Opinion and Order, Dkt. No. 11. The Court held that the arguments seeking to quash a subpoena and proceed anonymously were premature, noting that "Courts routinely hold that such arguments are inappropriate to quash a third-party subpoena because they "fall outside the scope" of a motion to quash." *Id.* at 3 (citations omitted). The Court further denied the request proceed anonymously, noting that "[t]his case involves allegations of infringement of copyrighted software for engineering simulations. The Court fails to see how Doe 7's privacy and reputational interests are any different than that of a defendant in any other case." *Id.* at 4. The same rationale should apply here.

The Court may also "refuse to hear or may deny" the Motion, because the Doe D.Y. filed the Motion without conferring with Ansys as required by LR CV-7.G.

Ansys is willing to consider any arguments or excuses Doe D.Y. may have as part of its investigation. But without knowing the identity of Doe D.Y., Ansys cannot

complete its investigation of the alleged infringing acts by him/her. Doe D.Y. has not been identified, so none of the substantive arguments made in the Motion are ripe for consideration at this time.

### III.    CONCLUSION

For the foregoing reasons, Ansys respectfully requests this Court deny the Motion and order Comcast to comply with the subpoena.

Dated: September 4, 2025

Respectfully submitted,

DANIELS & TREDENNICK PLLC

/s/ John F. Luman III
John F. Luman III
Attorney-in-Charge
Texas State Bar No. 00794199
Heath A. Novosad
Texas State Bar No. 24037199
Mary Rodman Crawford
Texas State Bar No. 24109766
DANIELS & TREDENNICK PLLC
6363 Woodway, Suite 700
Houston, Texas 77057
(713) 917-0024 – Telephone
(713) 917-0026 – Facsimile
Luman@dtlawyers.com
Heath@dtlawyers.com
Crawford@dtlawyers.com

**COUNSEL FOR ANSYS, INC.**

### CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such

filing to all counsel of record.  I further certify that on September 4, 2025, I emailed a copy of this response to Doe D.Y. at dy12345012@gmail.com.

_/s/ Heath A. Novosad_
Heath A. Novosad