**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ANSYS, INC.,** | § | |
| *Plaintiff,* | § | |
| | § | |
| *v.* | § | **CASE NO. 6:25-CV-00292-ADA-DTG** |
| | § | |
| **DOES 1 THROUGH 323,** | § | |
| | § | |
| *Defendants,* | § | |

**ORDER DENYING DOE NO. 157'S MOTION TO QUASH OR MODIFY**
**THE SUBPOENA OR PROCEED ANONYMOUSLY (DKT. NO. 6)**

Before the Court is the putative defendant, Doe No. 157's motion to quash or modify subpoena or to proceed anonymously (Dkt. No. 6). As explained below, the motion is **DENIED**.

## I.    BACKGROUND

On July 10, 2025, the plaintiff, Ansys, Inc., filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. The plaintiff is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. The plaintiff's software is protected by numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. The plaintiff alleged that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. The defendants have been identified only by the Internet Protocol ("IP") address through which the copyrighted works were allegedly downloaded. *Id.* ¶¶ 23–34.

## II.    ANALYSIS

At the time of filing its complaint, each defendant was identified only by an IP address. The Court granted the plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference. Dkt. No. 5. In response, Doe 157 filed this motion to quash or modify the subpoena and alternative request to proceed anonymously (Dkt. No. 6). Doe 157 is a putative defendant and is not a named party to this lawsuit. Dkt. No. 6 ¶ 1.

Doe 157's motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In assessing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

Doe 157 argues generally that the subpoena must be quashed or modified because disclosure of Doe 157's identity would cause undue burden and potential reputational harm. Dkt. No. 6 at 1–2. The subpoenas served on Doe 157's internet service providers do not subject Doe 157 to an undue burden as Doe 157 is not compelled to produce any information under the subpoena. *See First Time Videos, LLC v. Doe*, 276 F.R.D 241, 250 (N.D. Ill. 2011) ("if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves,

as they are compelled to produce information under the subpoena"). The Court finds that Doe 157 has not asserted any credible hardship resulting from the subpoenas, let alone an undue hardship that would compel the Court to quash the subpoenas.

Doe 157 argues in the alternative that the Court should allow Doe 157 to proceed anonymously until a further hearing. Dkt. No. 6 ¶ 7. In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests, even if the parties agree to allow a litigant to proceed anonymously. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). Doe 157 vaguely suggests that he or she will be exposed to undue burden and potential reputational harm. *Id.* at 2. Such generalized concern is insufficient. While courts allow defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (distinguishing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos (citations omitted)). This case involves the alleged copyright infringement of engineering simulation software. Dkt. No. 1 ¶¶ 5, 54–67. Doe 157 has not established that his or her privacy and reputational interests are any different than that of a defendant in any other case. The Court therefore finds that Doe 157 has failed to establish that the subpoena would subject him or her to undue burden or that Doe 157 is entitled to proceed anonymously.

### III.    CONCLUSION

For the reasons explained above, the putative defendant, Doe 157's motion to quash or modify the subpoena and alternative request to proceed anonymously (Dkt. No. 6) is **DENIED**.

**SIGNED** this 16th day of September, 2025.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE