IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ANSYS, INC., <br><br> *Plaintiff,* <br><br> v. <br><br> DOES 1 THROUGH 323, <br><br> *Defendants,* | § § § § § § § § § § § <br><br> CASE NO. 6:25-CV-00292-ADA-DTG |

### ORDER DENYING DOE NO. 72'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER (DKT. NO. 23)

Before the Court is the putative defendant, Doe No. 72's motion to quash and for a protective order (Dkt. No. 23). As explained below, the motion is **DENIED**.

## I.  BACKGROUND

On July 10, 2025, the plaintiff, Ansys, Inc., filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. The plaintiff is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. The plaintiff's software is protected by numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. The plaintiff alleged that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. The defendants have been identified only by the Internet Protocol ("IP") address through which the copyrighted works were allegedly downloaded. *Id.* ¶¶ 23–34.

## II.  ANALYSIS

At the time of filing its complaint, each defendant was identified only by an IP address. The Court granted the plaintiff's motion for leave to serve third-party subpoenas prior to a Rule

26(f) Conference. Dkt. No. 5. The plaintiff issued discovery subpoenas to various internet service providers, including Comcast, on July 21. 2025. Dkt. No. 25 at 1. In response, Doe 72 filed this motion to quash the subpoena and for a protective order (Dkt. No. 23).

A. **Motion to Quash**

Doe 72's motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In assessing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

Doe 72 argues that the subpoena must be quashed because the subpoena is unduly burdensome and because Doe 72 believes that a motion to dismiss for misjoinder is proper "because the factual allegations do not allege specific facts that the infringement against the defendants' stem from the same transaction or occurrence." Dkt. No. 23 ¶¶ 3–4. This argument is premature because Doe 72 has not yet moved for severance on the grounds of misjoinder. The instant motion is a motion to quash. *But see Lightspeed v. Does 1–1000*, No. 10–cv–5604, 2011 U.S. Dist. LEXIS 35392, at *2–3 (N.D. Ill. Mar. 31, 2011) (analyzing a motion for severance based on impermissible joinder after previously denying the doe defendant's motion to quash

without prejudice pending the court's ruling on the motion for severance). Doe 72's motion to quash merely contends that a motion to dismiss for misjoinder "is proper because the factual allegations do not allege specific facts that the infringement against the defendants' stem from the same transaction or occurrence." Dkt. No. 23 at ¶ 4. But no such motion has been filed. The fact that Doe 72 may file a motion for severance based on impermissible joinder is not grounds for granting the instant motion to quash. The defendant has not established that severance is proper, and the motion should therefore be quashed. *See Lightspeed*, No. 10-cv-5604, 2011 U.S. Dist. LEXIS 35392, at * 8 (sua sponte quashing a subpoena to internet service providers that have been subpoenaed after granting a motion for severance based on impermissible joinder).

Doe 72 also asserts without any further support that the subpoena is overly broad and not narrowly tailored to obtain specific information relating to personal jurisdiction. *Id.* ¶ 4. Doe 72 does not explain why the information sought is overly broad. Instead, Doe 72's objection is a boilerplate objection. The Court has already determined that the requested information is relevant to determining the putative defendant's identities and that expedited discovery is permissible under Rule 26(d)(1). Dkt. No. 5 at 3–4. The Court is reluctant to depart from its order with a persuasive reason to do so. Doe 72 also generally alleges that disclosure of his or her information implicates privacy concerns. Dkt. No. 23 ¶ 6. Such generalized allegations of privacy concerns are insufficient to establish undue burden, because Doe 72 has not established that his or her privacy interests are any different than that of a defendant in any other case. In sum, Doe 72 has not meet its burden of establishing that the subpoena should be quashed. The Court therefore **DENIES** the motion to quash the subpoena.

### B. Motion for Protective Order

Doe 72 argues in the alternative that the Court should issue a protective order that allows Doe 72 to appear anonymously. Dkt. No. 23 at 2. The party seeking a protective order must demonstrate good cause and a specific need for protection. *Gradney v. Gigg Express, Inc.*, No. 6:20-CV-00131-ADA-JCM, 2021 WL 12306341, at *2 (W.D. Tex. Oct. 6, 2021). The Court has broad discretion in determining whether to grant a motion for a protective order. *Id*. In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024).

Though courts have allowed defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (distinguishing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos (citations omitted)). This case involves the alleged copyright infringement of engineering simulation software.

Doe 72 has not established that his or her privacy interests are any different than that of a defendant in any other case. Doe 72 generally alleges undue burden or invasion of his or her privacy. *See* Dkt. No. 23 ¶ 6. This is insufficient to establish that Doe 72 is entitled to a protective order at this stage of litigation. The Court therefore **DENIES** the request for protective relief.

### III.  CONCLUSION

For the reasons explained above, the putative defendant, Doe No. 72's motion to quash or for a protective order (Dkt. No. 23) is **DENIED**.

**SIGNED** this 16th day of September, 2025.

                                                                DEREK T. GILLILAND
                                                                UNITED STATES MAGISTRATE JUDGE