IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ANSYS, INC.,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CASE NO. 6:25-CV-00292-ADA-DTG |
| § | |
| **DOES 1 THROUGH 323,** § | |
| § | |
| *Defendants,* § | |

## ORDER DENYING JOHN/JANE DOE'S SEALED MOTION TO QUASH (DKT. NO. 10)

Before the Court is putative defendant, John/Jane Doe's sealed motion (Dkt. No. 10).[1] John/Jane Doe objects to the plaintiff, Ansys, Inc.'s subpoena requesting identifying information. The movant does not identify itself by IP address or by number, so the Court refers to he or she as "John/Jane Doe." For the reasons explained below, the Court **DENIES** the sealed motion.

### I.    BACKGROUND

On July 10, 2025, the plaintiff, Ansys, Inc., filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. The plaintiff is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. The plaintiff's software is protected by numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. The plaintiff alleged that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. The defendants have been identified only by the Internet Protocol ("IP") address through which the copyrighted works were allegedly downloaded. *Id.* ¶¶ 23–34.

---

[1] A redacted, publicly available copy of the motion can be found at Dkt. No. 11.

## II. ANALYSIS

At the time of filing its complaint, each defendant was identified only by an IP address. The Court granted the plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference. Dkt. No. 5. In response, John/Jane Doe filed this sealed motion requesting that the Court protect his or her privacy and deny the request to disclose his or her identity (Dkt. No. 10). John/Jane Doe purports to be a putative defendant and is not a named party to this lawsuit. The Court construes John/Jane Doe's motion as a motion to quash, or motion to proceed anonymously.

John/Jane Doe's motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In assessing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

The Court declines to quash the third-party subpoena based on John/Jane Doe's general denial of liability. John/Jane Doe argues that the subpoena is improper because he or she has never downloaded or used the plaintiff's software. Dkt. No. 10. This argument is premature. If John/Jane Doe wants to contest liability, that argument should be raised once he or she is

"brought properly into this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (denying motions to quash based on general denials of liability because such denials are not relevant to the validity of a subpoena). Because a general denial of liability is not a proper basis for quashing the plaintiff's subpoena, the Court **DENIES** the motion to quash. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-565-ALM, 2023 WL 5584044, *2 (Aug. 29, 2023) (citing *Voltage Pictures, LLC v. Doe 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) and *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019)) (holding that the defendant's general denial of liability held no weight in determining whether to quash a subpoena to an internet service provider).

To the extent John/Jane Doe requests to proceed anonymously, the Court **DENIES** the request. In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). John/Jane Doe generally states that he or she will be subjected to stress and harm for something he or she allegedly did not do. *Id.* at 2. Such generalized concern is insufficient to establish a right to proceed anonymously.

While courts allow defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (distinguishing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos (citations omitted)). This case involves the alleged copyright infringement of engineering simulation software. Dkt. No. 1 ¶¶ 5, 54–67. John/Jane Doe has not established that his or her privacy interests are any different than that of a defendant in any other case. The Court therefore **DENIES** the motion to proceed anonymously.

### III. CONCLUSION

For the reasons explained above, the putative defendant, John/Jane Doe's sealed motion to quash or modify the subpoena or proceed anonymously (Dkt. No. 10) is **DENIED**.

**SIGNED** this 16th day of September, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE