IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CASE NO. 6:25-CV-00292-ADA-DTG |
| | § | |
| DOES 1 THROUGH 323, | § | |
| *Defendants,* | § | |

### ORDER DENYING DOE NO. 34'S MOTION TO STAY (DKT. NO. 19), MOTION TO PROCEED ANONYMOUSLY (DKT. NO. 21), AND MOTION TO QUASH (DKT. NO. 22)

Before the Court is the putative defendant, Doe No. 34's motion to stay (Dkt. No. 19), motion to proceed anonymously (Dkt. No. 21), and motion to quash (Dkt. No. 22). As explained below, the motions are **DENIED**.

### I.   BACKGROUND

On July 10, 2025, the plaintiff, Ansys, Inc., filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. The plaintiff is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. The plaintiff's software is protected by numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. The plaintiff alleged that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. The defendants have been identified only by the Internet Protocol ("IP") address through which the copyrighted works were allegedly downloaded. *Id.* ¶¶ 23–34.

## II.     ANALYSIS

At the time of filing its complaint, each defendant was identified only by an IP address. The Court granted the plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference. Dkt. No. 5. The plaintiff issued discovery subpoenas to various internet service providers, including Comcast, on July 21. 2025. Dkt. No. 25 at 1. Comcast notified Doe 34 that it would be providing Doe 34's contact information to the plaintiff if Doe 34 did not (1) file a motion to quash the subpoena in this Court by August 28, 2025 and (2) notify Comcast in writing with a copy and proof of filing. Dkt. No. 22-2. In response, Doe 34 filed three motions before August 28, 2025. First, Doe 34 filed an emergency motion to stay Comcast's compliance with the plaintiff's third-party subpoena (Dkt. No. 19). The emergency motion requests that the Court stay Comcast's compliance with the subpoena until the Court resolves Doe 34's motions to quash and to proceed anonymously. Dkt. No. 19 at 1–2. Second, Doe 34 filed a motion to proceed anonymously and file exhibits to the motion to quash under seal (Dkt. No. 21). Third, Doe 34 filed a motion to quash the subpoena (Dkt. No. 22).

### A.  Motion to Stay

Doe 34 requests that the Court stay Comcast's compliance with the plaintiff's subpoena pending the Court's resolution of Doe 34's motions to proceed anonymously and to quash the subpoena. Dkt. No. 19. This request is not ripe. Comcast stated that it would release Doe 34's identifying information to the plaintiff unless Doe 34 filed a motion to quash with this Court on or before August 28, 2025 and provide notice of filing the same to Comcast. See Dkt. No. 22-2. Doe 34 filed the motion to quash on August 26, 2025. Dkt. No. 22. Assuming Doe 34 gave notice of the filing to Comcast, Comcast did not provide Doe 34's name and address to the plaintiff. Additionally, the Court resolves Doe 34's motion to proceed anonymously and to quash the

subpoena below. The Court therefore **DENIES** Doe 34's motion to stay Comcast's compliance with the subpoena (Dkt. No. 19).

**B. Motion to Proceed Anonymously and for Leave to File Documents under Seal**

Doe 34 requests leave of Court to proceed anonymously and contemporaneously request leave to file his or her exhibits to the motion to quash under seal. In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). Though courts have allowed defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (distinguishing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos (citations omitted)). This case involves the alleged copyright infringement of engineering simulation software. Dkt. No. 1 ¶¶ 5, 54–67.

Doe 34 has not established that his or her privacy interests are any different than that of a defendant in any other case. Instead, Doe 34 argues only as to why his or her documents should be filed under seal. *See generally* Dkt. No. 21. To the extent Doe 34 seeks to proceed under a pseudonym at this stage of litigation, the request is **DENIED**. The Court also **DENIES** Doe 34's request for leave to file Doe 34's Exhibits in support of Doe 34's motion to quash under seal because Doe 34 did not attach a copy of the exhibits he or she wishes the Court to seal as required by the Court's local rules. Local Court Rule CV-5.2(a) (requiring all documents to be sealed to be filed as an exhibit to a motion for leave to file sealed documents).

## C. Motion to Quash

Doe 34's motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In assessing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

Doe 34 argues generally that the subpoena must be quashed or modified because disclosure of Doe 34's identity would cause undue burden and potential reputational harm. Dkt. No. 22 at 3. Doe 34's general allegation of reputational harm is insufficient because, as explained above, Doe 34 has not established that his or her privacy interests are any different than that of a defendant in any other case. Doe 34 also argues that he or she is innocent, and IP addresses do not reliably identify infringers. *Id.* 3–4. The Court declines to quash the third-party subpoena based on Doe 34's denial of liability. Doe 34 argues that the subpoena is improper because he or she has never downloaded or used the plaintiff's software. Doe 34 attached redacted exhibits showing that at the time and date that the subpoena alleges Doe 34's IP address accessed and downloaded pirated version of the plaintiff's software, Doe 34 was traveling abroad. *Compare* Dkt. No. 22 ¶ 4 *with* Dkt. Nos. 22-3 through 22-5. Doe 34 also argues that this case is

distinguishable from *Ansys, Inc. v. Does 1 Through 359*, because unlike the Doe defendant in that case, Doe 34 does more than generally allege innocence—Doe 34 attaches exhibits that purportedly show he or she was traveling aboard at the time of the alleged infringement. *See* Dkt. No. 28 at 2–3 (referring to 2025 U.S. Dist. LEXIS 92043). Doe 34 also asserts that IP addresses are unreliable and contends that this Court has required evidence beyond an IP address to establish infringement. *Id.* at 4 (generally citing *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743 (W.D. Tex. 2019)). Doe 34's cited case, however, was decided at the motion for summary judgment stage. *See UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, 384 F. Supp. 3d 743, 764–65 (W.D. Tex. 2019) (holding that a genuine issue of material fact existed as to whether internet users actually disseminated copyrighted music); *see also UMG Recordings, Inc. v. Grande Commc'ns Networks*, LLC, 118 F.4th 697, 708 (5th Cir. 2024) (on appeal following a jury trial)). Here, Doe 34 is not a named party to the case. Doe 34's innocence argument, though it may be true, is premature and falls outside the scope of a motion to quash. *Strike 3 Holdings, LLC v. Doe*, No. 21-1558, 2022 WL 169698, at *2 (D. Md. Jan. 19, 2022) (quoting *Strike 3 Holdings, LLC v. Doe*, No. 4:19-CV-00167, 2020 WL 917090, at *3 (D. Md. Feb. 25, 2020) (holding that denials of liability "fall outside the scope of a Motion to Quash and are therefore unpersuasive)). If Doe 34 wants to contest liability, these arguments should be raised once he or she is "brought properly into this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011). Because a denial of liability is not a proper basis for quashing the plaintiff's subpoena, the Court **DENIES** the motion to quash (Dkt. No. 22).

**D. Motion for Protective Order**

Doe 34 argues in the alternative that the Court should issue a protective order. Dkt. No. 22 at 5. The party seeking a protective order must demonstrate good cause and a specific need for protection. *Gradney v. Gigg Express, Inc.*, No. 6:20-CV-00131-ADA-JCM, 2021 WL 12306341, at *2 (W.D. Tex. Oct. 6, 2021). The Court has broad discretion in determining whether to grant a motion for a protective order. *Id*. Again, Doe 34 generally alleged potential for undue burden or an invasion of his or her privacy. As explained above, this general allegation is insufficient to establish that Doe 34 is entitled to a protective order at this stage of litigation. The Court therefore **DENIES** Doe 34's request for protective relief.

### III.   CONCLUSION

For the reasons explained above, the putative defendant, Doe 34's motion to stay (Dkt. No. 19), motion to proceed anonymously (Dkt. No. 21), and motion to quash or for a protective order (Dkt. No. 22) are **DENIED**.

**SIGNED** this 16th day of September, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE