```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE WESTERN DISTRICT OF TEXAS
                           WACO DIVISION
```

| | |
|---|---|
| Ansys, Inc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:25-cv-00292-ADA-DTG |
| | ) |
| Does 1 through 323, | ) |
| | ) |
| Defendants. | ) |

**FILED**
**SEP 17 2025**
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY CLERK

FILED
September 17, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____cap_____
                DEPUTY

# DEFENDANT DOE'S MOTION TO QUASH OR, IN THE ALTERNATIVE, MODIFY SUBPOENA

## INTRODUCTION

Defendant John Doe (Doe #119), proceeding pro se for the limited purpose of this motion, respectfully moves under Federal Rule of Civil Procedure 45(d)(3) to quash, or in the alternative to modify, the subpoena issued to Charter Communications, Inc. ("Charter" / "Spectrum") that seeks disclosure of Doe's personally identifiable information ("PII"). Doe did not personally engage in the alleged downloading or file-sharing activity. Requiring disclosure based solely on an IP address would unfairly and unnecessarily expose an innocent subscriber to harassment and prejudice.

## BACKGROUND

Plaintiff has filed this action against 323 anonymous defendants identified only by IP addresses. On information and belief, Plaintiff caused a subpoena to be issued to Charter seeking documents sufficient to identify the subscriber associated with a particular IP address and date/time. Charter provided Doe with notice of the subpoena and a deadline to object. The Internet service associated with Doe's account operates within a shared household. Roommates—and at times visitors and friends—connect to the household Wi-Fi. As courts have recognized, an IP address identifies an Internet connection, not the particular person who used that connection at a given moment.

## LEGAL STANDARD

Rule 45(d)(3)(A) provides that the Court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or that subjects a person to undue burden. Rule 45(d)(3)(B) further authorizes protection against compelled disclosure of confidential information, and the Court may impose conditions in lieu of disclosure.

## ARGUMENT

### A. An IP Address Does Not Identify a Specific Individual

The subpoena relies exclusively on an IP address to associate Doe with alleged infringement. But an IP address identifies only a service account or router—not the human being who may have used the connection. In a shared-use setting like Doe's, multiple individuals could have generated the observed traffic.

### B. Doe Did Not Personally Commit the Alleged Act

Doe affirms that he/she did not personally download or share the software at issue. Compelling disclosure would unfairly brand Doe—the subscriber—as the wrongdoer merely because the account is in Doe's name.

### C. Shared Household and Guest Access Undermine Any Inference of Personal Liability

The household Internet connection is accessible to roommates and occasional guests. Given this shared access, the subpoena cannot reasonably establish that Doe is the person who engaged in the alleged activity.

### D. Disclosure Would Cause Undue Burden and Privacy Harm

Public release of Doe's PII would subject Doe to reputational harm, harassment, and potential financial pressure to settle despite innocence. This is an undue burden within the meaning of Rule 45.

### E. The Subpoena Is Overbroad and Susceptible to Abuse

Plaintiff's joinder of 323 anonymous defendants underscores the overbreadth of the subpoena practice. Mass Doe suits invite "fishing expeditions" aimed at extracting settlements rather than targeting specific, identified infringers. The Court should exercise its discretion to prevent unnecessary disclosure.

### F. Request to Proceed Under Pseudonym "John Doe" for This Motion

Because the subpoena seeks Doe's identity and Doe has not been named or served, Doe requests leave to proceed under the pseudonym "John Doe" (Doe #119) for purposes of this motion and any related briefing, to avoid rendering the relief sought—protecting Doe's identity—moot.

### RELIEF REQUESTED

For the foregoing reasons, the Court should quash the subpoena to Charter seeking Doe's PII. In the alternative, the Court should modify the subpoena to preclude disclosure of Doe's identity, or enter a protective order that maintains Doe's anonymity and prohibits use or public filing of any subscriber information pending further order of the Court.

Respectfully submitted,

*/s/ John Doe (Doe #119)*

John Doe, pro se, for the limited purpose of this motion

Austin, TX 78727

ziyuan.zy1@gmail.com

September 12, 2025

**CERTIFICATE OF CONFERENCE (Local Rule CV-7)**

I certify that, consistent with Local Rule CV-7, I attempted in good faith to confer with Plaintiff regarding the relief sought herein. As an unrepresented Doe defendant whose identity has not been disclosed, I lack direct contact information for Plaintiff's counsel other than what appears on the subpoena. I will promptly confer upon receipt of counsel's contact information and will not oppose reasonable relief the parties can agree upon. Given the imminent subpoena response deadline, conferral prior to filing is impracticable.

**CERTIFICATE OF SERVICE**

I certify that on September 12, 2025, I served a true and correct copy of the foregoing as follows: (1) by emailing Charter Communications at lero@charter.com (Attn: "LEROC Paralegal – Copyright Infringement"), clearly indicating that an objection was filed with the Court and providing my name and address or, alternatively, attaching a copy of Charter's Notice Letter so that Charter can match this objection to its records; and (2) by delivering a copy to Plaintiff's counsel of record at the address and/or email listed on the subpoena notice.

*/s/ John Doe (Doe #119)*

**EXHIBIT A – DECLARATION OF JOHN DOE**

I, John Doe (Doe #119), declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am the subscriber for the Spectrum Internet account referenced in the subpoena.

2. I did not personally download or share the software identified by Plaintiff.

3. The Internet connection associated with my account is used in a shared household with roommates, and visitors and friends occasionally connect to the household Wi-Fi.

4. Because multiple individuals use the connection, an IP address alone cannot identify me as the person who engaged in any alleged activity.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 12, 2025.

*/s/ John Doe (Doe #119)*

UPS shipping label:

From: ALEX ZOU, AUSTIN, AUSTIN TX 78727

SHIP TO:
U.S. DISTRICT CLERK'S OFFICE WACO
800 FRANKLIN AVE ROOM 380
WACO TX 76701

TX 767 0-12

UPS 2ND DAY AIR
TRACKING #: 1Z 47F 7JT 02 3221 4830

BILLING: P/P

0.1 LBS LTR    1 OF 1