IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
| *Plaintiff,* | § | |
| v. | § | CASE NO. 6:25-CV-00292-ADA-DTG |
| DOES 1 THROUGH 323, | § | |
| *Defendants,* | § | |

## ORDER DENYING DOE D.Y.'S MOTION TO QUASH AND TO PROCEED ANONYMOUSLY (DKT NO. 29)

Before the Court is putative defendant, Doe D.Y.'s motion to quash and to proceed anonymously. Dkt. No. 29. Doe D.Y. objects to the plaintiff, Ansys, Inc.'s subpoena requesting identifying information. For the reasons explained below, the Court **DENIES** the motion.

### I.   BACKGROUND

On July 10, 2025, the plaintiff, Ansys, Inc., filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. The plaintiff is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. The plaintiff's software is protected by numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. The plaintiff alleged that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. The defendants have been identified only by the Internet Protocol ("IP") address through which the copyrighted works were allegedly downloaded. *Id.* ¶¶ 23–34.

### III.   ANALYSIS

At the time of filing the complaint, each defendant was identified only by an IP address. The Court granted the plaintiff's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference. Dkt. No. 5. The plaintiff issued discovery subpoenas to various internet service providers, including Comcast, on July 21. 2025. Dkt. No. 25 at 1. In response, Doe D.Y. filed this sealed motion requesting that the Court quash the subpoena or allow Doe D.Y. to proceed anonymously (Dkt. No. 29).

**A. Motion to Quash**

Doe D.Y.'s motion to quash is governed by Rule 45 of the Federal Rules of Civil Procedure, which requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In analyzing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* Doe D.Y. argues that the Court should quash the subpoena because (1) IP address alone is insufficient to identify the infringer, (2) Doe D.Y. did not have access to his or her computer at the time of alleged infringement, (3) Doe D.Y.'s router configuration permits guest access without a password, (4) disclosure would cause undue harm and violate privacy interests, and (5) Doe D.Y.

is acting in good faith and requests anonymity. Dkt. No. 29 at 3-4. Doe D.Y. alternatively requests that the Court to (1) quash or vacate the subpoena issued to Comcast Cable Communications, LLC, (2) prohibit disclosure of movant's identity, (3) allow him or her to proceed anonymously as "John Doe," (4) seal his or her personal contact information separately for communication purposes, or (5) grant such other relief as the Court deems just and proper.

Doe D.Y. states, without any evidentiary support or authority, that the information requested is overly broad and irrelevant. Dkt. No. 29 at 2. This argument is unavailing. The subpoena seeks information that will allow the plaintiff to identify the putative defendants and evaluate the merits of the plaintiff's case. Without this information, the plaintiff could not effectively pursue its claims. Doe D.Y. maintains that his or her good faith actions should ensure that any disclosure is "based on reliable evidence and proper legal standards." Dkt. No. 29 at 4. Regardless of whether Doe D.Y.'s actions were made in good faith, the Court applies the proper legal standards to address the instant motion. Doe D.Y. also asserts that he or she is innocent because he or she was not using the device associated with the IP address at the time of the alleged conduct. Dkt. No. 29 at 3.

The Court declines to quash the third-party subpoena based on Doe D.Y.'s general denial of liability. Doe D.Y. contends that the subpoena is improper because he or she is "not the individual responsible for the alleged activity." *Id.* This argument is premature. If Doe D.Y. wants to contest liability, that argument should be raised once he or she is "brought properly into this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (denying motions to quash based on general denials of liability because such denials are not relevant to the validity of a subpoena). Because a general denial of liability is not a proper basis for quashing the plaintiff's subpoena, the Court **DENIES** the motion to quash. *See Strike 3 Holdings, LLC v.*

*Doe*, No. 4:22-CV-565-ALM, 2023 WL 5584044, *2 (Aug. 29, 2023) (citing *Voltage Pictures, LLC v. Doe 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) and *Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019)) (holding that the defendant's general denial of liability held no weight in determining whether to quash a subpoena to an internet service provider).

### B. Motion to Proceed Anonymously

Doe D.Y. requests that the Court allow him or her to proceed anonymously. Dkt. No. 29 at 5. In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests. *Sealed Appellant v. Sealed Appellee*, No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024). Doe D.Y. generally asserts a potential for reputational harm. *Id.* Such a generalized concern is insufficient to establish a right to proceed anonymously.

While courts allow defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (comparing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos (citations omitted)). This case involves the alleged copyright infringement of engineering simulation software. Doe D.Y. has not established that his or her privacy interests are any different than those of a defendant in any other case. The Court therefore **DENIES** the motion to proceed anonymously.

### IV. CONCLUSION

For the reasons explained above, the putative defendant, Doe D.Y.'s motion to quash the subpoena and to proceed anonymously (Dkt. No. 29) is **DENIED**.

**SIGNED** this 19th day of September, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE