**FILED**
September 30, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____cap_____
                    DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-00292-ADA-DTG |
| | § | |
| DOES 1 THROUGH 323, | § | |
| DOE NO. 119, | § | |
| Defendants. | § | |

## DEFENDANT DOE 119'S REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA

Defendant John Doe 119 ("Doe"), proceeding pro se and anonymously, respectfully submits this Reply in support of his Motion to Quash Subpoena (Dkt. No. 38) and in response to Plaintiff's Opposition (Dkt. No. 39).

### INTRODUCTION

Plaintiff's Opposition rests almost entirely on this Court's prior rulings in other Doe cases. Respectfully, those decisions do not control here. The allegation against Doe 119's IP address involves only a handful of alleged instances, which strongly suggests the possibility of incidental or third-party use rather than deliberate misconduct by the subscriber. Requiring disclosure under such thin circumstances risks irreparably harming an innocent individual while providing Plaintiff little meaningful benefit. The equities

therefore weigh heavily in favor of quashing the subpoena or, at minimum, entering a narrowly tailored protective order to preserve Doe 119's anonymity.

## I. PLAINTIFF'S PROCEDURAL OBJECTION HAS BEEN CURED

Plaintiff argues that the Motion should be denied for failure to confer under Local Rule CV-7(g). Any such deficiency has since been cured. On September 24, 2025, Doe conferred in good faith with Plaintiff's counsel by email (Exhibit A). This post-filing conferral satisfied the purpose of CV-7(g) and caused no prejudice to Plaintiff. As a pro se litigant proceeding anonymously, Doe could not reasonably confer beforehand without undermining the very anonymity the Motion seeks to protect.

## II. THE BALANCE OF HARMS AND PROPORTIONALITY FAVOR QUASHING

Plaintiff's position rests on the flawed assumption that the subscriber of an IP address is the alleged infringer. An ISP account holder is not necessarily the user of a specific software at a specific time. In any shared household with multiple residents or guests—or a poorly secured Wi-Fi network—the actual user could be someone other than the subscriber. Accordingly, compelled disclosure of a mere subscriber's identity has limited probative value at this early stage and risks misattributing alleged conduct to an innocent person.

The harm to Doe from disclosure, by contrast, is certain and irreparable. Once Doe's identity is exposed, anonymity is lost permanently and Doe will be publicly associated with allegations of software piracy regardless of the ultimate merits. On this record, the speculative investigative benefit to Plaintiff is outweighed by the severe, irreversible harm to Doe's privacy and reputation.

The equities are particularly stark here because, on information and belief, Plaintiff's allegations appear limited to only a handful of observed instances (approximately five) tied to the IP address. Such a sparse record is consistent with incidental or third-party use over a shared network, making misattribution to the account holder especially likely. Disclosure in these circumstances would be disproportionate to any marginal benefit.

The harm to Doe from disclosure, by contrast, is certain and irreparable. Once Doe's identity is exposed, anonymity is lost permanently and Doe will be publicly associated with allegations of software piracy regardless of the ultimate merits. On this record, the speculative investigative benefit to Plaintiff is outweighed by the severe, irreversible harm to Doe's privacy and reputation.

### III. PLAINTIFF'S AUTHORITIES DO NOT COMPEL UNCONDITIONED DISCLOSURE HERE

Plaintiff heavily relies on prior orders in Ansys, Inc. v. Does 1 Through 359. Respectfully, those orders addressed whether Plaintiff showed good cause to seek limited expedited discovery from ISPs in the abstract; they did not hold that subscriber identities must always be disclosed publicly and without safeguards. Here, Doe raises a narrower, fact-specific question of tailoring and proportionality: whether compelled disclosure of a non-party subscriber's identity at the outset—on a bare IP-address showing and minimal activity—should proceed without robust protective limitations.

Unlike Doe 7 in the prior case, who presented no distinguishing facts, Doe 119 identifies specific circumstances—minimal alleged activity and plausible third-party use—that materially increase the risk of misidentification. Those circumstances warrant a different

outcome. Nothing in Plaintiff's cited orders forecloses the Court from quashing or, at minimum, conditioning any disclosure to prevent misattribution and needless harm.

Even if the Court were to follow the general rationale from recent orders, the narrower and more equitable course here is to condition any disclosure under an attorneys'-eyes-only protective order, filed under seal, and subject to time-limited retention and destruction.

## IV. IN THE ALTERNATIVE, A NARROWLY TAILORED PROTECTIVE ORDER IS NECESSARY

If the Court declines to quash outright, Doe respectfully requests a protective order that permits Plaintiff to pursue discovery while safeguarding Doe's anonymity and preventing irreparable harm. At a minimum, any subscriber information should be subject to the following conditions:

• Disclosure limited to outside counsel of record for Plaintiff and to retained experts/vendors bound by the same order; no public disclosure (Attorneys' Eyes Only).
• Any filing containing Doe's identifying information must be filed under seal and redacted on the public docket.
• The information may be used solely for this litigation and for no other purpose.
• If Plaintiff does not name Doe as a defendant within 60 days of production, Plaintiff must certify return or destruction of all identifying information.

These modest conditions preserve Plaintiff's ability to investigate while preventing irreversible harm from misidentifying a mere subscriber as an infringer.

• Attorneys' Eyes Only: disclosure limited to outside counsel of record for Plaintiff, and to retained experts or vendors bound by the same order; no public disclosure.

• Use Limitation: the information may be used solely for this litigation and for no other purpose.

• Limited Retention/Destruction: if Plaintiff does not name Doe as a defendant within 60 days of production, Plaintiff must certify return or destruction of all identifying information.

• No Third-Party Contact: absent leave of Court, Plaintiff and its agents shall not contact Doe's employer, landlord, or unrelated third parties regarding Doe's identity or the allegations.

These modest conditions preserve Plaintiff's ability to investigate while preventing irreversible harm from misidentifying a mere subscriber as an infringer.

## V. CONCLUSION

For these reasons, Doe respectfully requests that the Court grant the Motion to Quash. In the alternative, Doe requests entry of a narrowly tailored protective order consistent with the safeguards set forth above. Proposed Orders granting this relief are submitted herewith for the Court's convenience.

Dated: September 25, 2025

Respectfully submitted,

/s/ John Doe (Doe 119)

John Doe (Doe 119), Pro Se

Austin, 78727

Defendant, Pro Se

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(g), I certify that on September 24, 2025, after filing my Motion to Quash, I attempted in good faith to confer with Plaintiff's counsel by email regarding the relief requested in the Motion. I explained that, as a pro se defendant proceeding anonymously, I could not confer in advance without jeopardizing the very anonymity that the Motion seeks to protect. Plaintiff's counsel did not respond. Accordingly, no agreement could be reached, and the issues remain for the Court's resolution.

## CERTIFICATE OF SERVICE

I certify that on September 25, 2025, I served a true and correct copy of the foregoing Reply by U.S. Mail, first-class postage prepaid, addressed to Plaintiff's counsel of record at the address listed on the subpoena notice and/or in Plaintiff's filings, and by email to counsel at their listed email addresses. As a pro se filer without CM/ECF privileges, service was not effected through CM/ECF.

# EXHIBIT A

Copy of Meet-and-Confer Email Sent to Plaintiff's Counsel

From: ziyuan.zy1@gmail.com
To: <luman@dtlawyers.com>, <heath@dtlawyers.com>, <crawford@dtlawyers.com>
Date: September 24, 2025
Subject: Meet-and-Confer re: Doe 119's Motion to Quash (6:25-cv-00292-ADA-DTG)

Dear Counsel,

I write in connection with Doe 119's Motion to Quash Subpoena filed in Case No. 6:25-cv-00292-ADA-DTG. As a pro se defendant proceeding anonymously, I understand that Local Rule CV-7(g) requires a good-faith conference before filing such motions. While I was unable to confer in advance, primarily due to the need to protect my anonymity, I am now reaching out to satisfy that requirement.

Respectfully,
John Doe (Doe 119), Pro Se

To: luman@dtlawyers.com; Heath@dtlawyers.com; Crawford@dtlawyers.com        Wed 2025-09-24 23:10

Dear Counsel,

I write in connection with Doe 119's Motion to Quash Subpoena filed in Case No. 6:25-cv-00292-ADA-DTG. As a pro se defendant proceeding anonymously, I understand that Local Rule CV-7(g) requires a good-faith conference before filing such motions. While I was unable to confer in advance, primarily due to the need to protect my anonymity, I am now reaching out to satisfy that requirement.

Respectfully,
John Doe (Doe 119), Pro Se

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-00292-ADA-DTG |
| | § | |
| DOES 1 THROUGH 323, | § | |
|     DOE NO. 119, | § | |
|     Defendants. | § | |

### [PROPOSED] ORDER GRANTING DOE 119'S MOTION TO QUASH SUBPOENA

ON THIS DAY, the Court considered Doe 119's Motion to Quash Subpoena (Dkt. No. 38). After considering the Motion, Plaintiff's response, and the applicable law, the Court is of the opinion that the Motion should be GRANTED. It is therefore,

ORDERED that Plaintiff's subpoena to Charter Communications seeking identifying information regarding Doe 119 is QUASHED.

_____

JUDGE PRESIDING

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| ANSYS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-00292-ADA-DTG |
| | § | |
| DOES 1 THROUGH 323, | § | |
| DOE NO. 119, | § | |
| Defendants. | § | |

**[PROPOSED] ORDER GRANTING DOE 119'S REQUEST FOR PROTECTIVE ORDER**

ON THIS DAY, the Court considered Doe 119's Motion to Quash Subpoena (Dkt. No. 38) and, in the alternative, request for a protective order. Having considered the Motion, the briefing, and the applicable law, the Court finds that a protective order is warranted. It is therefore,

ORDERED that, to the extent Doe 119's identifying information is produced in response to Plaintiff's subpoena, such production shall be subject to the following restrictions:

1. Use and disclosure limited to Plaintiff's outside counsel of record and retained experts/vendors who agree to be bound by this Order (Attorneys' Eyes Only).

2. Any filing containing Doe 119's identifying information shall be filed under seal and redacted from the public docket.

3. The information may be used solely for purposes of this litigation and for no other purpose.

4. If Plaintiff does not name Doe 119 as a defendant within sixty (60) days of production, Plaintiff must promptly certify destruction or return of all identifying information.

_____
JUDGE PRESIDING

7022 2410 0001 7046 3856

FROM:

John Doe (Doe 119), Pro Se
3401 W B Parmer Ln
Austin
Texas
78727

Retail   76701

U.S. POSTAGE PAID
FCM LG ENV
AUSTIN, TX 78731
SEP 25, 2025

$7.74

RDC 99   S2324D502105-22

RECEIVED
SEP 30 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

TO:

Clerk of Court
U.S. District Clerk's office
Western District of Texas - Waco Division
800 Franklin Avenue, Room 380
Waco, Texas 76701