**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ANSYS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:25-CV-292-ADA-DNM** |
| | § | |
| **DOES 1 THROUGH 323,** | § | |
| | § | |
| **Defendants.** | § | |

**ORDER DENYING DEFENDANT J OHN DOE (DOE #119)'S MOTION TO QUASH OR,**
**IN THE ALTERNATIVE, MODIFY SUBPOENA [DKT. NO. 38]**

Before the Court is putative defendant, John Doe 119's Motion to Quash or, in the Alternative, Modify Subpoena. Dkt. No. 38. Through the Motion, Doe 119 objects to Plaintiff Ansys, Inc.'s subpoena requesting Doe 119's identifying information from their internet service provider, Charter Communications, Inc. (Charter). *Id.* Having considered the Motion, the response, and the evidence in the record, the Court **DENIES** Doe 119's Motion for the following reasons.

**I. BACKGROUND**

On July 10, 2025, Ansys, filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. Ansys is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. It protects its software through numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. Ansys alleges that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. Ansys identified the defendants using only the

Internet Protocol (IP) address through which they allegedly downloaded the copyrighted works. *Id.* ¶¶ 23–34.

At the time of filing the complaint, Ansys could identify each defendant only by an IP address. The Court granted Ansys's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference so that Ansys could obtain information about the identities of the defendants and help narrow the potential infringers. Dkt. Nos. 3, 5. Ansys then issued discovery subpoenas to various internet service providers, including Charter Communications, on July 21. 2025. Dkt. No. 39 at 1. In response, Doe 119 filed this Motion requesting that the Court quash the subpoena or modify it to allow Doe 119 to proceed anonymously. Dkt. No. 38.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In analyzing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.* In analyzing whether a defendant may proceed anonymously, the Court must balance private and public interests. *Sealed Appellant v. Sealed Appellee,* No. 22-50707, 2024 WL 980494, at *3 (5th Cir. Mar. 7, 2024) (per curiam).

## III. ANALYSIS

Here, Doe 119 argues that the Court should quash the subpoena because (1) IP address alone is insufficient to identify the infringer, (2) Doe 119 did not personally commit the infringement, (3) Doe 119's internet services a household and permits shared access, (4) disclosure would cause undue harm, and (5) the subpoena is overbroad" Dkt. No. 38 at 2–3. Doe 119 alternatively requests that the Court modify the subpoena to prevent the disclosure of Doe 119's identity, enter a protective order maintaining Doe's anonymity, and allow Doe 119 to proceed anonymously. *Id.* at 3.

### A. Motion to Quash

Doe 119 states, without any evidentiary support or authority, that the information requested is overly broad and susceptible to abuse. Dkt. No. 38 at 3. This argument is unavailing. The subpoena seeks information that will allow Ansys to identify the putative defendants and evaluate the merits of its case. Without this information, Ansys could not effectively pursue its claims. Doe 119 further contends that the suit invites a fishing expedition aimed at "extract settlements rather than targeting specific, identified infringers." *Id.* This argument falls flat as well. Indeed, the primary purpose of the subpoenas Ansys served is to identify specific infringers and narrow the case to proceed only against those specific, identified infringers, instead of the 323 IP addresses Ansys originally named. Without access to the information the subpoenas provide, Ansys's claim will only ever be aimed at hundreds of unknown Does, making it far closer to the fishing expedition Doe 119 fears.

The Court also declines to quash the third-party subpoena based on Doe 119's general denial of liability. Doe 119 contends that the subpoena is improper because he or she "did not personally download or share the software at issue." *Id.* This argument is premature. If Doe 119

wants to contest liability, that argument should be raised once he or she is "brought properly into this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (denying motions to quash based on general denials of liability because such denials are not relevant to the validity of a subpoena). Because a general denial of liability is not a proper basis for quashing the plaintiff's subpoena, the Court **DENIES** the motion to quash. *See Strike 3 Holdings, LLC v. Doe*, No. 4:22-CV-565-ALM, 2023 WL 5584044, *2 (Aug. 29, 2023) (citing *Voltage Pictures, LLC v. Doe 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011); *see also Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019)) (holding that the defendant's general denial of liability held no weight in determining whether to quash a subpoena to an internet service provider).

### B. Motion to Proceed Anonymously

Doe 119 requests that the Court allow him or her to proceed anonymously. Dkt. No. 38 at 3. Doe 119 generally asserts a potential for reputational harm, harassment, and potential financial strain or coercion. *Id.* Such a generalized concern is insufficient to establish a right to proceed anonymously.

While courts allow defendants to proceed anonymously in cases that lend themselves to abusive settlement tactics, the Court does not find that this is such a case. *See Ansys, Inc. v. Doe*, No. W-24-CV-00363-ADA, 2025 U.S. Dist. LEXIS 92043, *5–6 (W.D. Tex. Apr. 28, 2025) (comparing case involving infringement of copyrighted engineering software from cases alleging copyrighted adult videos) (citations omitted). This case involves the alleged copyright infringement of engineering simulation software. Doe 119 has not established that his or her privacy interests are any different than those of a defendant in any other case. The Court therefore **DENIES** the motion to proceed anonymously.

## IV. CONCLUSION

For the reasons stated above, the Court **DENIES** Putative Defendant, Doe 119's Motion to Quash or, in the Alternative, Modify Subpoena. Dkt. No. 38.

**SIGNED** this 22nd day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE