**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **ANSYS, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 6:25-CV-292-ADA-DNM** |
| | § | |
| **DOES 1 THROUGH 323,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**ORDER DENYING DEFENDANT JOHN DOE C'S MOTION TO QUASH AND TO PROCEED ANONYMOUSLY [DKT. NO. 41]**</u>

Before the Court is putative defendant, John Doe C's (IP Address 74.70.107.127) Motion to Quash and to Proceed Anonymously. Dkt. No. 41. Doe C objects to Plaintiff Ansys, Inc.'s subpoena requesting Doe C's identifying information from his internet service provider. Having considered the Motion, the response, and the evidence in the record, the Court **DENIES** Doe C's Motion for the following reasons.

<u>**I. BACKGROUND**</u>

On July 10, 2025, Ansys, filed a complaint against Does 1 through 323, alleging copyright infringement and violations of the Digital Millenium Copyright Act. Dkt. No. 1. Ansys is a global leader in engineering simulation software that licenses its software programs to its customers. *Id.* ¶¶ 2–4. It protects its software through numerous U.S. copyright registrations. *Id.* ¶¶ 38–53. Ansys alleges that the defendants obtained, installed on their computer systems, and used pirated Ansys software, committing willful copyright infringement and violations of the Digital Millenium Copyright Act. *Id.* ¶¶ 5, 54–67. Ansys identified the defendants using only the Internet Protocol (IP) address through which they allegedly downloaded the copyrighted works. *Id.* ¶¶ 23–34.

At the time of filing the complaint, Ansys could identify each defendant only by an IP address. The Court granted Ansys's motion for leave to serve third-party subpoenas prior to a Rule 26(f) Conference so that Ansys could obtain information about the identities of the defendants and help narrow the potential infringers. Dkt. Nos. 3, 5. Ansys then issued discovery subpoenas to various internet service providers, including Charter Communications, on July 21. 2025. Dkt. No. 42 at 1. In response, Doe C filed this Motion requesting that the Court quash the subpoena or allow Doe C to proceed anonymously. Dkt. No. 41.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 45 requires a court to quash or modify a subpoena that "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographic limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." FED. R. CIV. P. 45(d)(3); *see Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817–18 (5th Cir. 2004). The movant bears the burden of showing that compliance with the subpoena would be unduly burdensome. *Wiwa*, 392 F.3d at 818. In analyzing undue burden, the Court considers the following factors: "(1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." *Id.*

## III. ANALYSIS

Here, Doe C argues that the Court should quash the subpoena because (1) IP address alone is insufficient to identify the infringer, (2) Doe C has never used Ansys software, (3) Ansys cannot establish that Doe C was the one using the device associated with that IP address,

(4) more than one person can access and use an IP Address, and (5) having to retain counsel and defend himself in a lawsuit where the plaintiff has provided no proof that he is liable would cause him "very unfair and extreme hardship." Dkt. No. 41 at 1.

Doe C states, without any evidentiary support or authority, that the information requested is irrelevant because he or she "has never used Ansys software, at any time" and any use linked to their Charter Wi-Fi account "could only have been by someone else." Dkt. No. 41 at 1. This argument is unavailing. The subpoena seeks information that will allow the plaintiff to identify the putative defendants and evaluate the merits of the plaintiff's case. Without this information, Ansys cannot effectively pursue its claims.

Doe C further contends that the subpoena is improper because they "[have] never used Ansys software, at any time" and any use linked to their Charter Wi-Fi account "could only have been by someone else." Dkt. No. 41 at 1. Every other argument they make arises from the fact that they assert that they "have no liability." *Id.* Their arguments are premature. If Doe C wants to contest liability, that argument should be raised once they are "brought properly into this case." *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 250 (N.D. Ill. 2011) (denying motions to quash based on general denials of liability because such denials are not relevant to the validity of a subpoena).

Because a general denial of liability is not a proper basis for quashing the plaintiff's subpoena, the Court **DENIES** the motion to quash.

**SIGNED** this 1st day of May, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE